UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JULIE D. BARGER,<br>(Social Security No. XXX-XX-3730),<br><br>     Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 4:07-cv-163-WGH-DFH |

## MAGISTRATE JUDGE'S FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the consents of the parties (Docket Nos. 7, 12) and an Order of Reference dated March 4, 2009 (Docket No. 15). The parties filed their briefs at Docket Nos. 19, 22, and 23, and the Magistrate Judge heard oral argument on March 13, 2000, at which the plaintiff was represented by counsel, Steven K. Robison, in person, and the defendant was represented by counsel, Ed Studzinski, by telephone.

### Findings of Fact

The Magistrate finds facts as detailed in "Exhibit A" attached hereto.

### Conclusions of Law

1. The 12.00 introduction paragraph states, in part, as follows:

> The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings.  Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation.  It also contains four sets of criteria (paragraphs A through D).  If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing . . . .  For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, *i.e.,* is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c).  If the additional impairment(s) does not cause limitations that are "severe" as defined in §§ 404.1520(c) and 416.920(c), we will not find that the additional impairment(s) imposes "an additional and significant work-related limitation of function," even if you are unable to do your past work because of the unique features of that work.

20 C.F.R. Part 404, Subpart P, App. 1, § 12.00)

2.   In this case, the evidence supports that the plaintiff "satisfies the diagnostic description in the introductory paragraph" of 12.05C.  Specifically, that the plaintiff suffered from significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the development period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22, as follows:

    (a)    R. 281-284 (Exhibit 10F), the October 2003 consultative mental status evaluation by Dr. Catt.

    (b)    R. 285, 289, 301 (Exhibit 11), the state agency doctor's psychiatric review technique form showing related limitations due to mental retardation and that plaintiff's symptoms are "fully credible."

    (c)    R. 342 (Exhibit 19F), the August 2005 state agency doctor's psychiatric review technique form showing limitations

>   associated with mental retardation, which were "partially documented during the developmental period."
>
> (d)  R. 324-327 (Exhibit 16F), the later examination of Dr. Catt which does not suggest that Plaintiff's condition is a recent development and found that "[t]he claimant's cognitive limitations and academic skills deficits, however, will likely continue."

3.  The only valid verbal performance and full scale IQ found in the record establishes the plaintiff's IQ between 60 and 70. (R. 281, Exhibit 10F). There are no other IQ tests of record.

4.  The ALJ found that the plaintiff has physical or other mental impairments imposing additional and significant work-related impairment of function in that she is unable to perform all jobs except a limited range of sedentary employment. (R. 18, 20). These impairments were found to be "severe" as defined at 20 C.F.R. §§ 404.1520(c) and 416.920(c).

5.  This court cannot trace the path of the ALJ's determination that the claimant's impairment is that of "low borderline intellectual functioning" (R. 16), because it is based upon three expressed reasons which are not in evidence, or for which the ALJ cannot take judicial notice, specifically,

>   (a)  that "[i]t is the standard practice in understanding test scores that a person could fake a lower score on intelligence testing, but could not fake a higher score";
>
>   (b)  that her activities of daily living are well beyond those of a person who has an IQ of 61; and
>
>   (c)  that the ALJ can judge intelligence because she "presented as a more intelligent person" at the hearing.

While these propositions may be true, and giving due respect to the ALJ's experience, this court believes that these factors are not evidence properly considered by the ALJ under the Commissioner's regulations.

### Decision

For the reasons expressed by the Magistrate Judge in the factual findings attached hereto as "Exhibit A," the decision of the Commissioner is **REMANDED** for a determination of whether Plaintiff meets Listing 12.05C.

**SO ORDERED.**

**Dated:** March 25, 2009

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　WILLIAM G. HUSSMANN, JR.
　　　　　　　　　　　　　　　　　　　　　Magistrate Judge

**Electronic copies to:**

Steven K. Robison
MONTGOMERY ELSNER & PARDIECK
srobison@meplegal.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov